UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID JONES, individually, and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>A1 DIABETES & MEDICAL SUPPLY, INC., a Tennessee corporation,<br><br>              Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff David Jones ("Plaintiff Jones" or "Jones") brings this Class Action Complaint and Demand for Jury Trial against Defendant A1 Diabetes & Medical Supply, Inc. ("Defendant" or "A1 Diabetes") to stop A1 Diabetes from making (or directing its agents to make) unsolicited prerecorded and autodialed telemarketing calls to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by A1 Diabetes' conduct. Plaintiff Jones, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1.     A1 Diabetes is a for-profit corporation that provides consumers medical equipment and supplies to those with diabetes.

2.     As part of its business, A1 Diabetes informs consumers by phone and through text messages when diabetic testing supplies and other related products need to be reordered.

3.     In placing such calls, and sending these text messages, A1 Diabetes utilizes an ATDS as defined in the TCPA and also places calls that feature a prerecorded voice.

1

4.      Unfortunately, A1 Diabetes lacks a sufficient opt-out system. As a result, consumers are inundated with calls and text messages even after informing A1 Diabetes that its services are not wanted or that A1 Diabetes is calling the wrong number.

5.      In Plaintiff Jones' case, A1 Diabetes placed well over 10 autodialed and prerecorded calls to Jones' cell phone number, including text message calls, despite being told by the Plaintiff that he has no need for A1 Diabetes' services and never consented to the calls in the first place.

6.      In response to these calls, Plaintiff Jones files this lawsuit seeking injunctive relief requiring Defendant to cease from violating the Telephone Consumer Protection Act by placing unsolicited calls to consumers' cellular telephone numbers using prerecorded messages and an automatic telephone dialing system, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

7.      Plaintiff David Jones is a resident of Mecosta County, Michigan.

8.      Defendant A1 Diabetes is a Tennessee corporation headquartered in Memphis, Tennessee.  Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

9.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

10.     This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is located in this District.

## COMMON ALLEGATIONS

**A1 Diabetes Places Prerecorded and Autodialed Calls to Consumer Cell Phones
Without Prior Express Written Consent**

11.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

12.     Yet in violation of this rule, Defendant fails to obtain any express written consent prior to placing prerecorded and autodialed solicitation calls to cellular telephone numbers such as those of Plaintiff Jones.

13.     In placing the text message calls that form the basis of this Complaint, Defendant (or agents working on behalf of Defendant) utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant's agents has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

14.     In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.  This is evident from the circumstances surrounding the text

messages, including the ability to trigger an automated response by replying "STOP," the text

messages' commercial and generic content, and that substantively identical texts were sent to

multiple recipients, which is consistent with the use of an automatic telephone dialing system to

send text messages.

   15.  A1 Diabetes is open about its use of an autodialer system.

   16.  Former employees have made reference to the autodialer that they were required

to use. For example:

**N/a**

Account Manager (Former Employee) – Deerfield Beach, FL – January 30, 2018

Daily outbound calling, constantly selling Medicare products , auto dialer , guidelines ,
study script , follow script, add points , upgrade patient folder, making a sell , learn
how to sell medical equipment to patients through there Medicare or insurance
benefits ,            [1]

   17.  A1 Diabetes even states on its website that consumers will be contacted using an

autodialer and/or using a prerecorded message by A1 Diabetes itself:

☐ I certify that I entered my own information and give permission to be contacted at the phone number provided by
autodialed calls and/or pre-recorded messages, and by email, by A1 Diabetes about Arthritis, Diabetic, Sleep and/or related
Healthcare Products/Services*, regardless of my status on any State or Federal Do Not Call list. Consent is not a condition of
purchase. Privacy Policy *For insurance reimbursed offers; must qualify, deductibles and coinsurance may apply.

**SUBMIT**                     [2]

   18.  There is a plethora of complaints posted online about unsolicited calls that

consumers have received from A1 Diabetes, many of which show a disturbing trend that A1

Diabetes does not remove consumers from its calling list when it is asked to. The following

complaints posted on the Better Business Bureau ("BBB") show that A1 Diabetes is well aware

---

[1] https://www.indeed.com/cmp/A1-Diabetes-&-Medical-Supply/reviews
[2] https://www.a1diabetes.com/enroll/

of the fact that consumers are receiving unsolicited calls and are unable to opt-out from

receiving them:

- "Multiple robot calls everyday despite asking them to stop calling Multiple robot calls everyday"[3]
- "harassing phone calls. I am getting 2to3 robo calls a day from their sales department. I have asked on numerous occasions to be taken off the call list and doesn't seem to do anything."[4]
- "Harassing phone calls and inability to remove myself from call list. I am receiving up to 5 calls per day from A1 Diabetes. I have attempted to remove myself from their call list-to no avail. I have also attempted to call the company at the number provided on their website but the menu options do not work."[5]
- "Constant telemarketing phone calls. Despite being on the National Do Not Call List this company has been harassing us for years. We have told them endlessly we are not interested in their services but still receive 5 to 10 phone calls per fay from them. It is a nuisance and interferes with our activities."[6]
- "They called despite the fact I said no, now they are harassing me with spoofed calls after I blocked their numbers. I bought my supplies a few years back and after I lost weight, my doctor said I can terminate all meds and no longer need supplies. I told this company I done with their services and they continued to call. I blocked their numbers and now they are using neighbor spoofed calls that are robot calls announcing who they are, then hang up. I have VOIP records showing they try to call on they blocked numbers followed by a spoofed number. This happens up to 5 times a day. It's harassment."[7]

In each of the above complaints, a representative from A1 Diabetes responded assuring the

consumers that their phone numbers would be places on A1 Diabetes' internal do not call list.

19.     Other online complaints include references to the autodialer A1 Diabetes uses,

as well as the difficultly other consumers have had in getting the unwanted telemarketing calls

to stop:

---

[3] https://www.bbb.org/us/tn/memphis/profile/diabetic-supplies/a1-diabetes-medical-supply-inc-0543-44071996/complaints
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

- "it was something about a1 diabetes and for the past 4 days I've been blocking every number so far involving them this is getting stupid"[8]
- "Got dead air."[9]
- "They call almost every day, no message. If I answer, no one responds."[10]
- "423-464-7454 calls many times a day and when I do answer they stay silent for a few seconds and then hang up."[11]
- "I get several calls a day from this number. I've called the number back twice, and requested them to remove my number from their call list. They identify themselves as A-1 diabetes and tell me I signed up to receive information from them. I did not."[12]
- "3 calls a week early morning. No answer when I say hello."[13]

### PLAINTIFF JONES'S ALLEGATIONS

**A1 Diabetes Placed Repeated Autodialed and Prerecorded Calls to Plaintiff Jones's Cell Phone Number Without His Consent, Despite Requests for the Calls to Stop**

20.     Plaintiff Jones's cell phone is not associated with a business and is used for personal use only.

21.     Beginning in approximately June of 2019, Jones began receiving autodialed calls from A1 Diabetes to his cell phone number.

22.     Jones believes the calls were autodialed, as there was a noticeable pause before a live agent would come on the line after he would answer the call.

23.     When a live agent would come on the line, they would identify themselves as A1 Diabetes.

24.     Jones specifically instructed the A1 Diabetes agents to add his cell phone number to their internal do not call list. Many of the agents did agree that they would add

---

[8] https://800notes.com/Phone.aspx/1-281-666-4190
[9] https://whocallsme.com/Phone-Number.aspx/2816664190
[10] https://800notes.com/Phone.aspx/1-423-646-7454
[11] *Id.*
[12] *Id.*
[13] https://800notes.com/Phone.aspx/1-321-549-0613

Jones' number onto their do not call list, but it did not happen since Jones continued to receive calls from them.

25.     Jones even went as far as to ask to speak to a supervisor, but the agents would not allow him to do so.

26.     Jones has no need for the services of A1 Diabetes and never gave A1 Diabetes consent to call him.

27.     Despite the repeated requests for the calls to stop, A1 Diabetes continued to call and even text Plaintiff Jones.

28.     On August 22, 2019 at 10:38 AM, Plaintiff received 2 autodialed text messages from A1 Diabetes on his cell phone using phone number 620-951-5146:



29.     When 620-951-5146 is called, a prerecorded message identifies it as being the A1 Diabetes medical supplies reordering line.

30.     A1diabetes.com/refill leads to a medical supplies reorder page:



31.     In late August, 2019, Jones noted that A1 Diabetes began placing prerecorded calls to his cell phone using phone number 901-472-2903.

32.     As of August 27, 2019, Jones had 8 calls on his cell phone from A1 Diabetes using phone number 901-472-2903:



33.     When these calls were answered, Jones heard a prerecorded message.

34.     On August 28, 2019 at 9:15 AM, Jones received a prerecorded message on his cell phone from A1 Diabetes using phone number 901-472-2903 stating:

---

[14] https://a1diabetes.com/reorders

"To receive a refill of your diabetic testing supplies please press '1' now. Again, if you would like to receive a refill of your diabetic testing supplies, please press '1' now. If you are not in need of supplies at this time, and wish to be removed from the list, please press '9'. Please stay on the line to hear this message again."

35.     Also on August 28, 2019, this time at 11:38 AM, and again using phone number 901-472-2903, Jones received a prerecorded voicemail from A1 Diabetes stating:

"Hello, this is Kim. I'm calling with a courtesy reminder from A1 Diabetes. Our records indicate that you are due for a refill of your diabetic testing supplies. Please call us at 844-997-0109 to confirm your shipment. If it is more convenient, you may refill online at a1diabetes.com/refill. Again, please call us at 844-997-0109 to confirm your shipment. Or you may refill online at a1diabetes.com/refill. Thank you."

36.     Defendant A1 Diabetes also made prerecorded voicemail calls to Plaintiff's cell phone on August 29, 2019, August 30, 2019 and September 4, 2019 using phone number 901-472-2903.

37.     901-472-2903 appears to be a spoofed phone number, as it cannot be called back, as the number is unavailable.

38.     In the voicemails, Plaintiff is asked to call 844-997-0109. When 844-997-0109 is called, a prerecorded message identifies it as being the A1 Diabetes medical supplies reordering line.

39.     Jones also received another prerecorded voicemail from A1 Diabetes on September 4, 2019 using phone umber 888-996-0469. When 888-996-0469 is called, a prerecorded message identifies it as being the A1 Diabetes medical supplies reordering line.

40.     On September 4, 2019 at 9:01 AM, Plaintiff Jones answered a prerecorded call from A1 Diabetes using phone number 501-764-3117. The call was from "Warren" who is an auto-attendant, meaning it's a prerecorded system that is programmed to respond to prompts from the consumer as if it is a real agent.

41.     When 501-764-3117 is called back, "Warren" does answer and identify the company as A1 Diabetes. Warren was designed to sound like a live agent.

42.     Plaintiff asked Warren to let him speak with a supervisor. As the prerecorded system is not sophisticated enough to deal with unanticipated questions, it simply hung up on Plaintiff.

43.     On September 6, 2019, Plaintiff Jones received yet another prerecorded voicemail from A1 Diabetes on his cell phone, again using phone number 855-953-0080 stating:

> "Hello, this is Kim. I'm calling with a courtesy reminder from A1 Diabetes. Our records indicate that you are due for a refill of your diabetic testing supplies. Please call us at 844-997-0109 to confirm your shipment. If it is more convenient, you may refill online at a1diabetes.com/refill. Again, please call us at 844-997-0109 to confirm your shipment. Or you may refill online at a1diabetes.com/refill. Thank you."

44.     Plaintiff Jones also received the following prerecorded voicemails that were left on his cell phone from Defendant A1 Diabetes:

September 12, 2019 using phone number 855-950-0809

September 17, 2019 using phone number 855-943-0589

September 20, 2019 using phone number 855-964-0793

45.     Plaintiff Jones has never provided his cellular phone number to A1 Diabetes or any of its agents.

46.     The unauthorized telephone calls made by A1 Diabetes' agents at A1 Diabetes' direction, as alleged herein, have harmed Plaintiff Jones in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his cell phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phones.

47.     Seeking redress for these injuries, Plaintiff Jones, on behalf of himself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages and phone calls to cellular telephones, and which prohibits unsolicited calls using a prerecorded voice.

## CLASS ALLEGATIONS
**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by A1 Diabetes Agents at A1 Diabetes' Direction**

**48.**     Plaintiff Jones brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a prerecorded voice message, and (3) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff, or (b) they did not obtain prior express written consent.

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using similar equipment as used to call Plaintiff, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff, or (b) they did not obtain prior express written consent.

**Autodialed Stop Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using substantially the same dialing equipment used to call Plaintiff, (4) after they told Defendant to stop calling.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her residential telephone number, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call, or (b) it did not obtain prior express written consent.

**Internal Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or agents acting on behalf of Defendant) called more than one time (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff Jones.

49.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Jones anticipates the need to amend the Class definitions following appropriate discovery.

50.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

51.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Jones and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    whether Defendant's conduct constitutes a violation of the TCPA;

(b)    whether Defendant placed prerecorded voice message calls to Plaintiff Jones and members of the Prerecorded Class without first obtaining consent to make the calls;

(c)    whether Defendant utilized an automatic telephone dialing system to place calls and send text messages to Plaintiff Jones and the members of the Autodialed No Consent Class;

(d)    whether Defendant placed calls to Plaintiff Jones and members of the Classes after such persons requested to no longer be called;

(f)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

52.    **Adequate Representation**: Plaintiff Jones will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. Plaintiff Jones has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Jones and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Jones nor his counsel have any interest adverse to the Classes.

53.    **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Jones. Additionally, the damages suffered by individual members of the Classes will likely be small

relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Prerecorded No Consent Class)**

54.     Plaintiff Jones repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference.

55.     Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Jones and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

56.     These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Jones and the other members of the Prerecorded No Consent Class.

57.     Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Jones and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### SECOND CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Autodialed No Consent Class)**

58.     Plaintiff Jones repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference.

14

59.    Defendant and/or its agents made unwanted solicitation telephone calls and sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff Jones, and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

60.    These solicitation telephone calls and texts were made *en masse* without the prior express written consent of the Plaintiff Jones and the other members of the Autodialed No Consent Class.

61.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Jones and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### THIRD CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Autodialed Stop Class)**

62.    Plaintiff repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference.

63.    Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class after being told to stop calling.

64.    These solicitation telephone calls were made *en masse*.

65.    Defendant has, therefore, violated 47 U.S.C. § 227(b). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Call Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

15

**FIFTH CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Do Not Call Registry Class)**

66.     Plaintiff Jones repeats and realleges the paragraphs 1 through 53 of this Complaint and incorporates them by reference herein.

67.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

68.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[15]

69.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

70.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do

---

[15] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

71.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**FIFTH CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Jones and the Internal Do Not Call Class)**

72.     Plaintiff Jones repeats and realleges paragraphs 1 through 53 of this Complaint and incorporates them by reference.

73.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that

person or entity, the person or entity must record the request and place the subscriber's name, if provided, telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

74.     Defendant or its agent made marketing calls to Plaintiff Jones and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

75.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

76.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff Jones and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jones individually and on behalf of the Classes, prays for the following relief:

77.     An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Jones as the representative of the Classes; and appointing his attorneys as Class Counsel;

78.     An award of actual and/or statutory damages and costs;

79.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

80.     An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

81.     Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jones requests a jury trial.

DATED this 30th day of March, 2020.


By:  _/s/ Bradley G. Kirk_
        Bradley G. Kirk
        Phone: (901) 206-6163
        Email: bgkirklaw@gmail.com

Stefan Coleman*
Law Offices of Stefan Coleman, P.A.
law@stefancoleman.com
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: 877.333.9427/Fax: 888.498.8946

Patrick Peluso*
Woodrow & Peluso , LLC
3900 East Mexico Avenue, Suite 300
Denver, CO 80210
Telephone: 702.213.0676
ppeluso@woodrowpeluso.com

*Attorneys for Plaintiff Jones and the putative Classes*

*\*Pro Hac Vice motions forthcoming.*