# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DAVID JONES, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:20-cv-02248-SHL-cgc |
| A1 DIABETES & MEDICAL SUPPLY, INC., a Tennessee corporation, | ) ) ) ) |
| Defendant. | ) ) |

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held by video conference on July 1, 2020. Present were Patrick Henry Peluso, counsel for Plaintiff, and Robert F. Tom and Zachary A. Kisber, counsel for Defendant. As set forth below, this Scheduling Order pertains to certain initial deadlines and discovery on class certification issues only. The parties will submit a Second Planning Report and proposed Scheduling Order within 14 days of the Court's order on class certification, or sooner if directed to do so. A status conference and second Scheduling Order on all remaining deadlines, including for completion of merits discovery, dispositive motions, and trial, will then follow.

At the scheduling conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:  July 15, 2020

**MOTIONS TO JOIN PARTIES:**  September 15, 2020

**MOTIONS TO AMEND PLEADINGS:**  September 15, 2020

**MOTIONS TO DISMISS:** August 15, 2020

**COMPLETING ALL DISCOVERY RELATED TO CLASS CERTIFICATION:** January 15, 2021. No discovery shall commence until July 15, 2020. During the initial discovery phase set forth in this Scheduling Order, the parties shall only conduct discovery related to class certification issues.

    **(a) DOCUMENT PRODUCTION AND INTERROGATORIES[1]:** December 1, 2020

    **(b) DEPOSITIONS AND REQUESTS FOR ADMISSION:** January 15, 2021

    **(c) CLASS CERTIFICATION EXPERT WITNESS DISCLOSURES:**

        **(1) DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION:** November 2, 2020

        **(2) DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION:** December 1, 2020

    **(d) MOTIONS TO EXCLUDE EXPERTS /DAUBERT MOTIONS:** February 16, 2021

**MOTION FOR CLASS CERTIFICATION:** February 16, 2021 or 30 days after the Court's ruling on Defendant's Motion to Dismiss and Strike Class Allegations, whichever is later.

**ALTERNATIVE DISPUTE RESOLUTION:**

    (**a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** September 23, 2020

    **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)(2):** July 15, 2020

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties= e-discovery plan.

    Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow for sufficient time for responses by the deadline for completion of discovery.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12 or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived.

*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*

**IT IS SO ORDERED**, this 1st day of July, 2020.

                                                    s/ Sheryl H. Lipman
                                                  SHERYL H. LIPMAN
                                                  UNITED STATES DISTRICT JUDGE